UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNICORN GLOBAL, INC., § <br> HANGZHOU CHIC INTELLIGENT § <br> TECHNOLOGY CO., LTD., AND § <br> SHENZHEN UNI-SUN ELECTRONIC § <br> CO., LTD., § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> GOLABS, INC. d/b/a GOTRAX, § <br> § <br> Defendant. § | Civil Action No. 3:19-cv -00754 <br><br><br> Jury Trial Demanded |

## PLAINTIFFS' ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

This is a patent infringement action by Unicorn Global, Inc. ("Unicorn"), Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic"), and Shenzhen Uni-Sun Electronic Co., Ltd. ("Uni-Sun") (collectively, "Plaintiffs") against Golabs, Inc. d/b/a GOTRAX ("Defendant" or "GOTRAX").

## INTRODUCTION

1. This action is brought pursuant to the patent laws of the United States, 35 U.S.C. § 101 et seq.

2. Chic is the owner by assignment of all rights, title, and interest in and under the following United States patents (collectively, the "Asserted Patents"):

| Patent | Title | Issue Date | Exhibit |
|---|---|---|---|
| US 9,376,155 (the "'155 Patent") | Electric Balance Vehicle | 06/28/2016 | Ex. 1 |
| US 9,452,802 (the "'802 Patent") | Electric Balance Vehicle | 09/27/2016 | Ex. 2 |
| US D737,723 (the "'723 Patent") | Self-Balancing Vehicle | 09/01/2015 | Ex. 3 |

3. The Asserted Patents are currently licensed to Uni-Sun on an exclusive basis with Unicorn as its authorized enforcement agent.

4. GOTRAX has infringed and continues to infringe the claimed subject matter of the Asserted Patents without permission in connection with electric balance vehicles called hoverboards that GOTRAX makes, uses, offers for sale, sells, and imports into the United States.

## PARTIES

5. Chic is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at 2/F, No. 2 Building, Liangzhu University, Science and Technology Park, No. 1 Jingyi Road, Liangzhu, Hangzhou, 311112, People's Republic of China.

6. Chic is a high-tech company that is supported by Zhejiang University Ministry of Education Computer Aided Product Innovation Design Engineering Center; Zhejiang University International Design; and Zhejiang Key Laboratory of Service Robot. Chic manufactures and licenses hoverboard products for sale in the United States. Chic has been assigned 70 authorized patents for its hoverboard technology and design in different regions such as China, the United States, the European Union, and Canada.

7. Unicorn is a California corporation with its place of business located at 18333 Gale Ave., City of Industry, California 91748. Unicorn has enforcement rights for the Asserted Patents under a written Patent License Agreement dated October 16, 2018.

8. Uni-Sun is a company organized and existing under the laws of the People's Republic of China with its principal place of business located at No. 43 Lan

Second Road, Longxin Area, Longgang District, Shenzhen Guangdong, 518000, People's Republic of China. Uni-Sun holds an exclusive license to Asserted Patents under a written Patent License Agreement dated October 16, 2018. Chic and Uni-Sun have assigned enforcement rights to Unicorn. Together, Plaintiffs have standing to sue for all past, present, and future infringement of the Asserted Patents.

9. GOTRAX is a privately-held Texas corporation with its principal place of business at 2201 Luna Rd., Carrollton, TX 75006. GOTRAX has appointed Law Offices Of William Chu, 4455 LBJ Freeway, Ste 1008, Dallas, TX 75244 USA, as its registered agent for service of process.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has personal jurisdiction over Defendant because Defendant is based in this District, regularly conducts business in this District, and has committed and continues to commit acts of patent infringement in this District.

11. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant resides in this District, and has a regular and established place of business in this District.

## INFRINGING PRODUCTS

12. The Asserted Patents were validly issued by the United States Patent and Trademark Office, and are presumed valid under 35 U.S.C. § 282.

13. Without authorization, Defendant makes, uses, imports, sells, or offers for sale self-balancing vehicles that infringe one or more claims of the Asserted Patents.

Upon information and belief, such products include but are not limited to the Hoverfly Eco, Hoverfly Ion, SRX Bluetooth, SRX Pro All Terrain, and Hoverfly XL Off Road hoverboard products (collectively, the "Accused Products"). Each of the Accused Products practices at least claim 1 of the '155 Patent and claim 1 of the '802 Patent. The Hoverfly Eco product also infringes the '723 Patent.

14. Defendant sells and offers to sell the Accused Products directly to end-user customers through its e-commerce website and through third-party resellers. Defendant sells and offers to sell the Accused Products directly to end-user customers in the United States, including Texas. Third-party resellers also sell and offer to sell the Accused Products in the United States, including Texas.

## KNOWLEDGE AND WILLFULNESS

15. Defendant had pre-suit actual knowledge of the Asserted Patents and that the Accused Products infringe the Asserted Patents. Defendant previously licensed hoverboard technology from Plaintiff, including one or more of the Asserted Patents, for use in connection with the manufacture, importation, distribution, use, offer for sale, and sale of hoverboard products. In the now-expired license agreement, Chic advised and Defendant acknowledged that the manufacture, use, importation, sale, or offer to sell of unauthorized hoverboard products would constitute infringement of the Asserted Patents. However, since the expiration of its license, Defendant has made, used, imported, offered to sell, and sold the Accused Products in the United States in violation of Plaintiffs' patent rights. Moreover, upon information and belief, while the license was

in effect, Defendant sold Accused Products in violation of the license agreement. All such acts constitute willful patent infringement.

16. Defendant also has actual knowledge of the Asserted Patents and that the Accused Products infringe the Asserted Patents due to service of this action. *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1345 (Fed. Cir. 2012) (allowing notice of indirect infringement upon service).

17. Plaintiffs have at all times substantially complied with the marking statute, 35 U.S.C. § 287.

## COUNT ONE
## PATENT INFRINGEMENT
### The '155 Patent

18. Plaintiffs repeat and re-allege the allegations in the foregoing paragraphs.

19. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '155 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products that practice the inventions of the '155 Patent within the United States.

20. Defendant indirectly infringes the '155 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendant induces users of the Accused Products to directly infringe one or more claims of the '155 Patent by controlling and directing the actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

21. Defendant indirectly infringes the '155 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant contributes to

end-user customers' direct infringement of one or more claims of the '155 Patent by providing the Accused Products, which are specially made for use in a manner infringing the '155 Patent and have no substantial non-infringing uses.

22. Defendant's infringement of the Asserted Patents was willful and supports an award of increased damages and an exceptional case finding.

23. Defendant's infringement has harmed Plaintiffs and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

24. Plaintiffs are entitled to recover damages adequate to compensate Plaintiffs for the injuries complained of herein, including possible lost profits, but in no event less than a reasonable royalty.

25. Plaintiffs are further entitled to have Defendant enjoined from committing future acts of infringement that would subject Plaintiffs to irreparable harm.

### COUNT TWO
### PATENT INFRINGEMENT
### The '802 Patent

26. Plaintiffs repeat and re-allege the allegations in the foregoing paragraphs.

27. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed one or more claims of the '802 Patent by, without authority, making, using, importing, offering to sell, or selling the Accused Products that practice the inventions of the '802 Patent within the United States.

28. Defendant indirectly infringes the '802 Patent within the United States by inducement under 35 U.S.C. § 271(b). Defendant induces users of the Accused Products to directly infringe one or more claims of the '802 Patent by controlling and directing the

actions of users and by advertising and claiming benefits that require its customers to commit acts of infringement.

29. Defendant indirectly infringes the '802 Patent within the United States by committing contributory infringement under 35 U.S.C. § 271(c). Defendant contributes to end-user customers' direct infringement of one or more claims of the '802 Patent by providing the Accused Products and Services, which are specially made for use in a manner infringing the '802 Patent and have no substantial non-infringing uses.

30. Defendant's infringement of the Asserted Patents was willful and supports an award of increased damages and an exceptional case finding.

31. Defendant's infringement has harmed Plaintiffs and will continue to cause severe and irreparable damage as long as Defendant's infringing activities continue.

32. Plaintiffs are entitled to recover damages adequate to compensate Plaintiffs for the injuries complained of herein, including possible lost profits, but in no event less than a reasonable royalty.

33. Plaintiffs are further entitled to have Defendant enjoined from committing future acts of infringement that would subject Plaintiffs to irreparable harm.

### COUNT THREE
### PATENT INFRINGEMENT
### The '723 Patent

34. Plaintiffs repeats and re-alleges the allegations in the foregoing paragraphs.

35. On September 1, 2015, the United States Patent and Trademark Office issued United States Patent, Patent No. US D737,723 S (the "'723 patent") to Chic. Chic is the exclusive owner of the entire right, title, and interest in and to the '723 patent, and

together, Plaintiffs have the exclusive right to enforce the '723 patent, the exclusive right to file actions based on infringement of the '723 patent, the exclusive right to recover damages or other monetary amounts for infringement of the '723 patent and the exclusive right to be awarded injunctive relief pertaining to the '723 patent. Chic has owned the '723 patent at all times during Defendant's infringement of the '723 patent.

36. Defendant directly infringes, literally or under the doctrine of equivalents, and has infringed the '723 Patent by, without authority, making, using, importing, offering to sell, or selling the Hoverfly Eco Accused Products that practice the inventions of the '723 Patent within the United States.

37. The overall appearance of the designs of the '723 patent and the corresponding designs of the infringing Hoverfly Eco Accused Products are substantially the same. An ordinary observer, familiar with the prior art in the hoverboard marketplace would perceive the overall appearance of the designs of the '723 patent and the corresponding designs of the Hoverfly Eco Accused Products to be substantially the same. Such an ordinary observer would be deceived into believing the Hoverfly Eco Accused Products are the same as the designs of the '723 patent.

38. The '723 patent protects several novel, ornamental aspects of Chic's hoverboard design. These ornamental aspects include the fanned line design on the footpad sections, semi-circular markings on the midsection of the board, the rounded rectangular-shaped LED covers, the semi-enclosed round wheel fender design, and the designs on the wheels. These ornamental features are illustrated in Fig. 6 of the '723 patent.

39. The ordinary observer, informed by the relevant prior art, would be misled by Defendant's Hoverfly Eco in believing that Defendant was authorized to distribute products that copy the ornamental designed claimed in the '723 patent.

40. Defendant's Hoverfly Eco product prominently features the claimed designs of the '723 patent.

41. Defendant intentionally copied the designs covered by the '723 Patent.

42. Defendant's infringement of the '723 Patent is willful.

43. The general design of the Hoverfly Eco, specifically including the foot tread design, enclosed wheel fender design, midsection markings, LED cover design, and wheel markings so closely resembles the designs claimed by the '723 patent that an ordinary observer, informed of the relevant prior art, would be deceived into purchasing the Hoverfly Eco Accused Products in the mistaken belief that they were products authorized to bear the design claimed by the '723 patent.

44. Defendants' Hoverfly Eco Accused Products infringe the '723 patent in violation of 35 U.S.C. §§ 271 and 289.

45. Due to Defendant's infringement of the '723 patent, Plaintiffs have suffered, are suffering, and will continue to suffer irreparable injury for which Plaintiffs have no adequate remedy at law, including loss of customers, loss of market-share, price erosion, and loss of customer goodwill. Plaintiffs are therefore entitled to a preliminary and permanent injunction against Defendant's further infringing conduct.

46. Defendant has profited and is profiting from its infringement of the '723 patent and Plaintiffs have been and are being damaged and losing profits by such

infringement. Plaintiffs are therefore entitled to recover damages from Defendant and the total profit derived from such infringement, in an amount to be proven at trial.

## JURY DEMAND

47. Plaintiffs request a jury trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against Defendant as follows:

A. A judgment that Defendant has infringed, induced others to infringe, and committed acts of contributory infringement with respect to the Asserted Patents;

B. A judgment awarding Plaintiffs damages adequate to compensate for Defendant's infringement;

C. A judgement and order requiring Defendant to pay Plaintiffs increased damages up to three times the amount found or assessed under 35 U.S.C. § 284;

D. A determination that this is an exceptional case under 35 U.S.C. § 285;

E. An award of attorneys' fees for bringing and prosecuting this action;

F. A permanent injunction enjoining Defendant, its officers, agents, servants, employees, representatives, licensees, successors, assigns, and all those in privity, active concert, or participation with any of them from further infringement, inducing the infringement, and contributing to the infringement of the Asserted Patents;

G. Pre-judgment and post-judgment interest to the full extent allowed under the law, as well as costs; and

H. Such other and further relief as the Court deems just and equitable.

Dated:  March 26, 2019

Respectfully submitted,

*/s/ S. Wallace Dunwoody*
Michael C. Wilson
mwilson@munckwilson.com
Texas Bar No. 21704590
S. Wallace Dunwoody
wdunwoody@munckwilson.com
Texas Bar No. 24040838
MUNCK WILSON MANDALA, LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone: (972) 628-3600
Telecopier: (972) 628-3616

**ATTORNEYS FOR PLAINTIFFS UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., AND SHENZHEN UNI-SUN ELECTRONIC CO., LTD.**

787694