IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., and SHENZEN UNI-SUN ELECTRONIC CO., LTD., <br><br> Plaintiffs and Counterdefendants, <br><br> v. <br><br> GOLABS, INC., d/b/a GOTRAX, WALMART INC., WAL-MART STORES TEXAS, LLC, and WAL-MART.COM USA LLC, <br><br> Defendants and Counterclaimants. | Civil Action No. 3:19-CV-0754-N-BT |

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order addresses Defendant Golabs, Inc.'s ("Golabs") motion for preliminary injunction [38]. Because Golabs has not established a likelihood of success on the merits of its tortious interference counterclaim or shown that Plaintiffs Unicorn Global, Inc., Hangzhou Chic Intelligent Technology Company, Ltd., and Shenzen Uni-Sun Electronic Company, Ltd.'s (collectively, "Plaintiffs") infringement claims are baseless, the Court denies Golabs's motion.

### I. ORIGIN OF THE DISPUTE

The parties' litigation arises out of a dispute regarding utility and design patents for hoverboard products. Plaintiffs have the rights to three hoverboard patents: patent numbers 9,376,155 ('155 patent); 9,452,802 ('802 patent); and D737,723 ('723 patent). Pltfs.' Resp.

Brief Opposing Golab's Mot. Prelim. Inj. 2–3 [106]. These patents claim a "three-layer hoverboard" structure that Plaintiffs argue is unique from prior hoverboard designs. *Id.* at 3. Golabs sells several hoverboard models through online retailers, primarily Amazon. Golab's Brief Support Mot. Prelim. Inj. 2 [102]. These products are manufactured by Golabs's parent company, to which Plaintiffs licensed the right to manufacture hoverboards. Pltfs.' Resp. Brief Opposing Golab's Mot. Prelim. Inj. 5 [106]. Plaintiffs allege that Golabs's parent company subsequently violated the licensing restrictions. *Id.*

In March 2019, Plaintiffs filed suit against Golabs, alleging infringement of their hoverboard patents. *Id.* at 6. Plaintiffs also filed claims against Amazon, which it had previously asked to cease selling the accused products, but nonsuited those claims after Amazon delisted Golabs's hoverboards. *Id.* Golabs filed a counterclaim alleging tortious interference with its contract with Amazon. Golabs now seeks an injunction ordering Plaintiffs both to refrain from filing complaints with Golabs's customers alleging that Golabs's hoverboards infringe Plaintiffs' patents and to inform Amazon that Plaintiffs' retract their notices of infringement and request that Golabs's products be reinstated.

## II. LEGAL STANDARDS

### A. *Preliminary Injunction*

To obtain a preliminary injunction, a movant must show (1) a substantial likelihood that it will prevail on the merits; (2) a substantial threat that it will suffer irreparable injury if the injunction is not granted; (3) that the threatened injury to it outweighs the threatened harm to the party it seeks to enjoin; and (4) that granting the preliminary injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577

F.3d 250, 252–53 (5th Cir. 2009). The party seeking the injunction bears the burden of proof on all four elements. *Id.* at 253. If a party requests a mandatory injunction, the moving party must show "a clear entitlement to the relief under the facts and the law." *Justin Indus., Inc. v. Choctaw Secs., L.P.*, 920 F.2d 262, 268 n.7 (5th Cir. 1990) (internal citation omitted). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored." *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976).

A litigant may seek a mandatory injunction ordering a patentee to refrain from communicating about its patent with third parties. Patent owners, however, have the "right to inform potential infringers of a patent and potentially infringing activity unless the communication is made in bad faith." *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007); *see* 35 U.S.C. § 287(a). Thus, movants must show that the patentee's infringement claims are "objectively baseless." *GP Indus., Inc.*, 500 F.3d at 1374. A claim is objectively baseless if "no reasonable litigant could realistically expect success on the merits." *Prof'l Real Estate Inv'rs, Inc. v. Colum. Pictures Indus., Inc.*, 508 U.S. 49, 60 (1993). The standard is difficult to meet, and the Federal Circuit has observed "the rarity of an injunction being granted against communicating with others concerning one's patent rights." *GP Indus., Inc.*, 500 F.3d at 1373.

### B. Tortious Interference with Contract

Under Texas law, a party claiming tortious interference with contract must show "(1) an existing contract subject to interference; (2) a willful and intentional act of interference with the contract; (3) that proximately caused the plaintiff's injury; and (4)

caused actual damages or loss." *Prudential Ins. Co. of Am. v. Fin. Review Servs.*, Inc., 29 S.W.3d 74, 77 (Tex. 2000). Some early Texas cases suggest it is possible to tortiously interfere with contracts even if they could be ended at-will without breach. *See Juliette Fowler Homes, Inc. v. Welch Assocs., Inc.*, 793 S.W.2d 660, 666 (Tex. 1990); *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 689 (Tex. 1989). The Texas Supreme Court has recently reiterated, however, that tortious interference with contract requires a breach of contract. *El Paso Healthcare Ltd. v. Murphy*, 518 S.W.3d 412, 421 (Tex. 2017). In *El Paso Healthcare Ltd. v. Murphy*, the Court did not overrule its earlier cases but did synthesize prior caselaw that suggested the "terminable-at-will status of a contract is no defense to an action for tortious interference with its performance" by noting those cases "involved claims for interference with *prospective* business relations." *Id.* at 421 n.6.

### III. THE COURT DENIES PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

To obtain a preliminary injunction, Golabs must show it will likely succeed on the merits of its underlying claim. In this case, Golabs's claim for tortious interference centers on Plaintiffs' communications with Amazon alleging infringement of Plaintiffs' patents. Patentees generally have a right to communicate about their patents to potential infringers unless their infringement claims are objectively baseless. Consequently, to show it will likely succeed on the merits of its tortious interference claim, Golabs must both show a likelihood of success in proving the elements of tortious interference and show that Plaintiffs' infringement claims are objectively baseless. The Court finds that Golabs has not met either of these burdens.

***A. Golabs Has Not Shown a Likelihood of Success on Its Tortious Interference Claim***

Golabs's contract with Amazon permitted delisting at its discretion, as Golabs admits, and is analogous to the agreement in *Murphy*. *See* Golabs's Brief Support Mot. Prelim. Inj. 23 [102]. The contract at issue in *Murphy* provided an agreed hourly rate for hours worked by the plaintiff but did not guarantee a minimum number of shift hours or any employment hours at all. *Murphy*, 518 S.W.3d at 421. Likewise, the contract between Golabs and Amazon did not stipulate that Amazon had any duty to sell a minimum number of Golabs's products or any of its products at all, as it was permitted to delist Golabs's products for any reason. Golabs's App'x Supporting Mot. Preliminary Injunction 50 [40]. It is consequently unclear that, under Texas law, Golabs will succeed on its tortious interference claim. At a minimum, Golabs has fallen short of the showing necessary to establish a likelihood of success on the merits.

***B. Golabs Has Not Shown That Plaintiffs'***
***Infringement Claims Are Objectively Baseless***

Golabs has also failed to show that Plaintiffs' infringement claims are objectively baseless such that Plaintiffs would lose their right to communicate alleged infringement of their patent to third parties. Golabs presents three main contentions, arguing that Golabs's products are clearly noninfringing, that Plaintiffs' patents are invalid as obvious, and that Plaintiff's patents are unenforceable due to inequitable conduct by the inventor. None of these grounds shows that Plaintiffs' infringement claims are objectively baseless.

In support of its claim that its accused products are clearly noninfringing, Golabs argues the utility patent claims should be construed as requiring a single inner controller

that must be electronically connected to all the sensors, symmetrical inner and bottom covers, and a rotating mechanism — all of which it claims its accused products lack. Golabs's Brief Supporting Mot. Prelim. Inj. 13–17 [102]. Plaintiffs dispute Golabs's construction of the patent claims and argue that the accused products satisfy each of the patent limitations, providing expert testimony to support their contentions. Pltfs.' Resp. Brief Opposing Mot. Prelim. Inj. 12–16 [106]. Plaintiffs also argue that the differences between the Hoverfly ECO and the design patent noted by Golabs are immaterial because the accused and patented products are indistinguishable to an ordinary observer. *Id.* at 17–18. Based on the arguments and evidence, the Court cannot conclude that Golabs's products are clearly noninfringing. Golabs must show that Plaintiffs' claims are objectively baseless; it is not enough to show that Golabs's arguments may succeed at trial or that disputed claim constructions may be resolved in its favor.

Golabs also argues that Plaintiffs' patents are unenforceable due to inequitable conduct by the inventor — alleging he failed to disclose material prior art, the Hovertrax — and that the Hovertrax renders Plaintiffs' patents invalid as obvious. Golabs's Brief Supporting Mot. Prelim. Inj. 18–19 [102]. Plaintiffs counter that the patent inventor disclosed, and the examiner considered, a patent that discussed and included the Hovertrax, so disclosure of the Hovertrax product itself was not material to patentability. Pltfs.' Resp. Brief Opposing Mot. Prelim. Inj. 18–21 [106]. The Court agrees that Golabs has not proved by clear and convincing evidence both deceptive intent and materiality, as required to show inequitable conduct, or shown that Plaintiffs' patents are clearly invalid. The Court thus

finds that Plaintiffs' have colorable infringement claims and that Golabs has failed to prove no reasonable litigant could expect success on those claims.

## CONCLUSION

Because Golabs has not shown a likelihood of success on the merits of its tortious interference claim or demonstrated that Plaintiffs' infringement claims are objectively baseless, the Court denies its motion for preliminary injunction.

Signed November 18, 2019.

David C. Godbey
United States District Judge