# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., AND SHENZEN UNI-SUN ELECTRONIC CO., LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> GOLABS, INC., d/b/a GOTRAX, WALMART INC., WAL-MART STORES TEXAS, LLC, AND WAL-MART.COM USA LLC, <br><br> *Defendants*. | **CIVIL ACTION NO. 3:19-CV-00754-N** |
| GOLABS, INC., d/b/a GOTRAX, WALMART INC., WAL-MART STORES TEXAS, LLC, AND WAL-MART.COM USA LLC, <br><br> *Counterclaimants*, <br><br> v. <br><br> UNICORN GLOBAL, INC., HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD., AND SHENZEN UNI-SUN ELECTRONIC CO., LTD., <br><br> *Counterdefendants*. | |

**WALMART'S MOTION TO SEVER AND STAY AND BRIEF IN SUPPORT**

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ...................................................................................................................1

II. BACKGROUND .....................................................................................................................2

III. LEGAL STANDARD..............................................................................................................3

IV. ARGUMENT...........................................................................................................................5

    A. THE COURT SHOULD SEVER AND STAY PLAINTIFFS' CLAIMS AGAINST WALMART UNTIL THE CLAIMS ARE RESOLVED AGAINST DEFENDANT GOLABS, THE ALLEGED UPSTREAM INFRINGER .................................................................................................5

    B. A STAY IS ALSO WARRANTED........................................................................9

V. CONCLUSION......................................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Altair Instruments, Inc. v. Telebrands Corp., DOES 1-10, and Walmart, Inc.*,
   Case No. 2:19-cv-08967-SJO-JC (C.D. Cal.) (March 31, 2020) ...............................................7

*Anderson v. Red River Waterway Comm'n*,
   231 F.3d 211 (5th Cir. 2000) .....................................................................................................3

*Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*,
   No. 5:13-CV-05430-EJD, 2014 WL 2759571 (N.D. Cal. June 17, 2014) .............................4, 8

*Clinton v. Jones*,
   520 U.S. 681 (1997) ................................................................................................................3, 4

*Erfindergemeinshaft Uropep GbR v. Eli Lilly & Co.*,
   No. 2:15-CV-1202-WCB, 2016 WL 1659924 (E.D. Tex. Apr. 26, 2016) ................................6

*Kahn v. General Motors Corp.*,
   889 F.2d 1078 (Fed. Cir. 1989) .................................................................................................5

*Katz v. Lear Siegler Inc.*,
   909 F.2d 1459 (Fed. Cir. 1990) ........................................................................................5, 6, 9

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ...............................................................................................................3, 9

*Leyva v. Certified Grocers of Cal., Ltd.*,
   593 F.2d 857 (9th Cir. 1979) .....................................................................................................4

*In re Nintendo Co., Ltd.*,
   544 F. App'x. 934 (Fed. Cir. 2013) ...........................................................................................5

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) .......................................................................................6, 7, 10

*Nussbaum v. Diversified Consultants, Inc.*,
   No. 15-CV-600, 2015 WL 5707147 (D.N.J. Sept. 28, 2015) ................................................4, 8

*Rembrandt Wireless Techs., LP v. Apple Inc.*,
   Civ. No. 2:19-cv-00025-JRG, 2019 WL 6344471 (E.D. Tex. Nov. 27, 2019) ....................4, 10

*Richmond v. Forever Gifts, Inc. (Texas)*,
   Civ. No. 3:14-cv-0583-K, 2015 WL 11120883 (N.D. Tex. Mar. 18, 2015) .............................9

*Richmond v. Lumisol Elec. Ltd.*,
   Civ. No. 13-1944 (MLC), 2014 U.S. Dist. LEXIS 59939 (D.N.J. April 30,
   2014) ............................................................................................................................. 7, 8, 9

*Toshiba Corp. v. Hynix Semiconductor, Inc.*,
   No. 3:04-cv-2391-L, 2005 WL 2415960 (N.D. Tex. Sept. 30, 2005) ....................................... 4

EAST\175208172.2

I.      INTRODUCTION

This is a patent infringement action, in which Plaintiffs Unicorn Global, Inc. ("Unicorn"), Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") and Shenzhen Uni-Sun Electronic Co., Ltd. ("Uni-Sun") (collectively "Plaintiffs") have accused Defendants Walmart, Inc., Wal-Mart Stores Texas, LLC and Wal-Mart.com USA LLC (collectively "Walmart") of infringing U.S. Patents Nos. 9,376,155 ("the '155 patent"), 9,452,802 ("the '802 patent") and D737,723 ("the D723 patent") (collectively "the Asserted Patents") through their sales of the accused Hoverfly ECO, Hoverfly ION, Hoverfly XL, SRX and SRX PRO hoverboard products (collectively "the Accused Products"), which are sold by Defendant Golabs, Inc., d/b/a Gotrax LLC, ("Golabs"), and manufactured by Golabs's parent Zhejiang Taotao.  Golabs asserts counterclaims against Plaintiffs, including a Lanham Act claim, common law unfair competition claim and Sherman Act claims based on the delisting of Golabs's hoverboard products by another of Golabs's retailers, Amazon, caused by Plaintiffs' assertion of the Asserted Patents that Plaintiffs knew or should have known were not infringed, invalid and/or unenforceable for inequitable conduct.

Walmart moves for an order to sever and stay all of Plaintiffs' claims against it pursuant to the customer-suit exception rule.  The real dispute here is between Plaintiffs and Golabs.  Walmart is a retail customer of Golabs, which is being indemnified by Golabs.[1]  Accordingly, severing and staying Plaintiffs' claims against Walmart, a mere downstream retail customer of Golabs, would allow the substantive issues to be resolved most efficiently by Plaintiffs and Golabs.

---

[1] Walmart is the largest retail chain in the world, and is a customer of Golabs.  Golabs is indemnifying Walmart in this action for the Accused Products, that Walmart has advertised and sold. Ex. A, Declaration of Reid Thornton ("Thornton Decl.") ¶¶ 3, 9.

## II.     BACKGROUND

This dispute began in October 2018, when Plaintiffs Chic, and its patent enforcer, Unicorn, began a campaign of meritless complaints to Amazon to have Golabs's hoverboards delisted from Amazon's website.  Plaintiffs made a series of eight separate complaints to Amazon between October 22, 2018, and June 2, 2019, alleging that Golabs's hoverboards infringe various patents, some of which are asserted in this action and some of which are not.  They employed a trial and error approach, sometimes reasserting patents that Golabs had previously showed were not infringed, and sometimes asserting different patents.  Plaintiffs had not even analyzed the Accused Products for infringement at the time the first four complaints were made.  Defs.' Resp. Mot. Dismiss at 33-35 (D.I. 60-2).  Amazon delisted Golabs's products multiple times after receiving these email complaints but relisted the products each time Golabs cleared the complaints with it.  *Id.* at 34-35.  In April 2019, Chic also contacted Walmart claiming that Golabs's products infringed its patents.  *Id.* at 35.

Following these complaints, Plaintiffs first filed a Complaint accusing only Golabs of infringement on March 26, 2019, and subsequently filed an Amended Complaint on May 9, 2019 naming as Defendants Golabs and its retailer customers Walmart and Amazon for alleged infringement of the Asserted Patents by the Accused Products.  Amazon was subsequently dismissed from the suit following a motion filed by Plaintiffs on June 3, 2019, a day after Amazon delisted all of Golabs's hoverboards from its website.  *Id.* at 35-36.

Golabs sought immediate relief from this Court against Plaintiffs' meritless patent enforcement activities, first by way of a motion for a temporary restraining order (TRO) (D.I. 38 and 39), and later by way of a motion for a preliminary injunction (PI) (D.I. 103-1).  Both motions sought to compel Plaintiffs to notify Amazon that they were withdrawing their infringement

accusations and to request that Amazon reinstate the accused hoverboards to its website in time for the 2019 holiday shopping season.

The Court denied both of the foregoing motions. The Court denied the motion for TRO on the ground that Golabs did not demonstrate a substantial threat of irreparable injury if the requested relief was not granted. D.I. 45. Later, the Court denied Golabs's motion for PI on two grounds. First, the Court ruled that breach of contract was a required element of a tortious interference claim and that it is unclear that, under Texas law, Golabs will succeed on that claim. D.I. 115 at 4-5. Second, the Court ruled that Golabs had failed to carry its heavy burden of establishing that Plaintiffs' infringement claims were "objectively baseless." D.I. 115 at 3, 6. The Court acknowledged that Golabs could still succeed at trial and prevail on disputed claim constructions. D.I. 115 at 6.

The Court issued a Memorandum Opinion and Order (D.I. 134) providing its claim construction rulings on May 26, 2020. Shortly thereafter, on June 10, 2020, Golabs filed a Motion for Partial Summary Judgment of non-infringement (D.I. 137), seeking an early adjudication that all asserted claims of the '155 and '802 patents are not infringed by the Accused Products.

On June 29, 2020, the parties filed a Joint Status and Scheduling Report (D.I. 146) and await the Court's issuance of a Scheduling Order for the remainder of the case. In the meantime, the parties have resumed fact discovery. Walmart only recently made its first document production on June 12, 2020, and has not yet been subject to depositions in this action.

### III.   LEGAL STANDARD

A district court has "broad discretion" to stay proceedings as an incident to its power to control its own docket. *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see also Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000). A court may "find it … efficient for its own docket and the fairest course for the

3

parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). The rule applies to judicial proceedings and does not require the issues of such proceedings to be necessarily controlling of the action before the court. *Id.* at 863-64. The proponent of a stay has the burden of proving that a stay is justified. *Clinton*, 520 U.S. at 708.

In exercising its discretion in determining whether to grant a stay, a court must weigh the competing interests of the various parties that may be affected by the decision to grant or refuse to grant a stay. *See, e.g.*, *Toshiba Corp. v. Hynix Semiconductor, Inc.*, No. 3:04-cv-2391-L, 2005 WL 2415960, at *8 (N.D. Tex. Sept. 30, 2005). Specifically, courts within the Fifth Circuit consider: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *Rembrandt Wireless Techs., LP v. Apple Inc.*, Civ. No. 2:19-cv-00025-JRG, 2019 WL 6344471, at *2 (E.D. Tex. Nov. 27, 2019) (citation omitted). Regarding the first factor, courts have held there is no prejudice to the non-moving party merely because a stay could cause a delay to the plaintiff in receiving money damages. *See, e.g.*, *Bay Area Surgical Grp., Inc. v. Aetna Life Ins. Co.*, No. 5:13-CV-05430-EJD, 2014 WL 2759571, at *5 (N.D. Cal. June 17, 2014); *see also Nussbaum v. Diversified Consultants, Inc.*, No. 15-CV-600, 2015 WL 5707147, at *2 (D.N.J. Sept. 28, 2015) ("Because delay results inherently from issuance of a stay, courts have found that mere delay does not, without more, necessitate a finding of undue prejudice and tactical disadvantage.")

The Federal Circuit has observed that when a patent owner files suit against both an upstream defendant and downstream distributors or retailers, the upstream defendant's case takes precedence because the upstream defendant has a "greater interest in defending its actions against

charges of patent infringement," than a "customer who is a reseller of the accused goods." *Kahn v. General Motors Corp.*, 889 F.2d 1078, 1081 (Fed. Cir. 1989) (citations omitted); *see also In re Nintendo Co., Ltd.*, 544 F. App'x. 934, 941 (Fed. Cir. 2013); *Katz v. Lear Siegler Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990) ("litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."). As the Federal Circuit noted, the customer-suit exception "endorses staying a case against a customer or retailer in light of the notion that the manufacturer is the 'true defendant.'" *In re Nintendo Co.*, 544 F. App'x. at 941 (citations omitted). In addition, "it is a simple fact of life that a manufacturer must protect its customers, either as a matter of contract, or good business, or in order to avoid damaging impact of an adverse ruling against its products." *Katz*, 909 F.2d at 1464 (citation omitted).

Pursuant to the foregoing precedent, Walmart requests that this Court exercise its discretion to sever and stay the claims related to the Accused Products against Walmart. A stay would conserve party and judicial resources while the central infringement, invalidity and unenforceability issues between Plaintiffs and Golabs are resolved.[2]

## IV. ARGUMENT

### A. THE COURT SHOULD SEVER AND STAY PLAINTIFFS' CLAIMS AGAINST WALMART UNTIL THE CLAIMS ARE RESOLVED AGAINST DEFENDANT GOLABS, THE ALLEGED UPSTREAM INFRINGER

The "customer-suit exception" to the "first-to-file" rule is a creature of judicial creation that "arose in cases in which a patentee filed an action against the retailers of an accused product,

---

[2] The underlying bases for Golabs's counterclaims for Lanham Act violation, unfair competition and Sherman Act violations center around Amazon's delisting of Golabs's hoverboard products and Plaintiffs' baseless assertion of patents that Plaintiffs' knew or should have known are not infringed, invalid and/or unenforceable. These circumstances do not relate to Walmart.

5

after the manufacturer of the product filed a declaratory judgment action against the patentee in a different forum." *Erfindergemeinshaft Uropep GbR v. Eli Lilly & Co.*, No. 2:15-CV-1202-WCB, 2016 WL 1659924, at *2 (E.D. Tex. Apr. 26, 2016) (Bryson, Circuit J., sitting by designation). "In that circumstance, courts sometimes approve proceeding with the case against the manufacturer and staying the first-filed action against the customer." *Id.* (citations omitted); *Katz*, 909 F.2d at 1464 ("[L]itigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer.")

The Federal Circuit extended the customer-suit exception to cases where the plaintiff alleges patent infringement against several defendants, including both the alleged infringer and its customers under the theory that the manufacturer is the true defendant and the retailer is merely a peripheral defendant.  *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014).  In *Nintendo of Am.*, a case in which Walmart was a party that was severed and stayed, the Federal Circuit relied on the underlying principles of the customer-suit exception in severing and staying the case.  The Court severed the manufacturer in a combined manufacturer-retailer patent infringement suit, transferred the manufacturer to its home district, and stayed the remaining retailer defendants pending the outcome of the manufacturer suit.  *Id.*  The Court explained that "[w]hile the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern in that Nintendo is the true defendant." *Id.* at 1365.  The Court relied on principles of judicial economy and held that "[s]ince Nintendo's liability is predicate to recovery from any of the defendants, the case against Nintendo must proceed first, in any forum." *Id.* at 1366.

The facts in this case are similar to the facts in *Altair Instruments, Inc. v. Telebrands Corp., DOES 1-10, and Walmart, Inc.*, Case No. 2:19-cv-08967-SJO-JC (C.D. Cal.) (Order Granting

6

Defendant Walmart, Inc.'s Motion To Sever And Stay (March 31, 2020) (D.I. 138)), where the Honorable Judge S. James Otero granted Walmart's motion to sever and stay under the customer-suit exception.  Judge Otero held that "[t]he case is in the early stages where Walmart has not yet produced documents, and no party has noticed depositions ….  Furthermore, Telebrands is indemnifying Walmart, and Walmart agrees to be bound by any issues of law with respect to infringement and invalidity ….  No damages may be awarded against Walmart unless and until Telebrands is found liable for infringing a valid patent ….  Both Walmart and Telebrands will suffer hardship, where Walmart's additional lawyers and staff will require involvement, and Telebrands will suffer the increased defense cost as a result of indemnification …."

The facts are analogous in this case with the sole exception that Walmart recently began producing documents on June 12, 2020.  Walmart is a downstream retailer who does not design, manufacture or import the Accused Products.  Walmart stipulates that it is willing to accept a decision by the Court on the issues of infringement, validity and enforceability with respect to the Asserted Patents and Walmart agrees to cooperate in providing an accounting of its sales of the Accused Products if Plaintiffs prevail on the issue of infringement with respect to the Asserted Patents.

Similarly, in *Richmond v. Lumisol Elec. Ltd.*, Civ. No. 13-1944 (MLC), 2014 U.S. Dist. LEXIS 59939 (D.N.J. Apr. 30, 2014), the Honorable Mary L. Cooper presided over a consolidated twelve-case infringement action. *Id.* at *15.  Judge Cooper severed the upstream defendant and downstream retailer-defendants pending the resolution of the upstream defendant case. *Id.* at *25.  Judge Cooper explained that "[c]ourts have exercised their discretion to sever the claims against the downstream defendant from the upstream defendant and then stay the severed claims against

7

the downstream defendant given the 'peripheral nature' of claims against the downstream defendant." *Id.* (internal citation omitted). The Court noted:

> The rationale behind severing and staying in these circumstances is that 'second-hand entities like retailers or distributors [are] not involved and [would] not have substantive knowledge about the patent infringement, which would begin at the design and manufacture stages.' The upstream defendant represents "the real party in interest,' and ultimately, an infringement claim against the upstream defendant 'is more likely to restore contested property rights nationwide than securing an injunction' against a downstream defendant purchaser. Moreover, the downstream defendant would only be liable if the upstream defendant infringed the plaintiff's patent, and thus, adjudication of the patent infringement claim against the upstream defendant often disposes of the claim against the downstream defendant.

*Id.* at *25-26 (internal citations omitted).

Notwithstanding the foregoing, Plaintiffs assert that a sever and stay will preclude adjudication of their claim of willful infringement against Walmart and also question Golabs's financial viability as indemnitor to satisfy a claim of damages based on Walmart's sales of accused hoverboards. However, with respect to Golabs's ability to satisfy a damages claim, a sever and stay does not dismiss Walmart from the case, and any delay in obtaining recovery of Plaintiffs' damages claim with respect to Walmart's sales of accused hoverboards caused by a sever and stay of Walmart is not a basis for denying the customer-suit exception. *See Bay Area Surgical Grp., Inc.*, 2014 WL 2759571 at *5; *Nussbaum*, 2015 WL 5707147 at *2.

With respect to the issue of willfulness, Walmart agrees to take a deposition on this issue if Plaintiffs prevail on infringement against Golabs, the stay is lifted and Walmart is required to provide an accounting of sales of Accused Products. The parties could then brief the Court on whether willful infringement should or should not apply to Walmart's sales of accused hoverboards. *See* Joint Status and Scheduling Report at 11-12 (D.I. 146). Thus, any remaining

8

issues with Walmart after a sever and stay has been in place, could all be resolved in the interests of judicial economy and efficiency by a deposition on the issue of willful infringement, briefing on that issue and an accounting of Walmart's sales of the Accused Products. *See, e.g.*, *Richmond v. Forever Gifts, Inc. (Texas)*, Civ. No. 3:14-cv-0583-K, 2015 WL 11120883, at *2 (N.D. Tex. Mar. 18, 2015) (applying the customer-suit exception, and severing and staying case against retailer Walgreens "based on fairness, judicial economy and efficiency").

Indeed, the resolution of such issues in the upstream infringer actions, and the fact that the upstream infringer has agreed to indemnify its customers, would not only simplify additional issues involving retail customers, but could have a major and even dispositive effect on such issues. *See, e.g.*, *Katz*, 909 F.2d 1464 (observing additional issues regarding customers "may well be mooted" if patent holder is unsuccessful in litigation against upstream infringer); *Richmond v. Lumisol*, 2014 U.S. Dist. LEXIS 59939 at *26 (noting that "adjudication of the patent infringement claims against the upstream defendant often disposes of the claim against the downstream defendant").

### B.   A STAY IS ALSO WARRANTED

The Court has broad discretion in deciding whether to stay a lawsuit. *Landis*, 299 U.S. at 254. The power to stay this suit "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*

A stay is justified under the traditional analysis established by the Fifth Circuit, which looks at "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party, (2) whether a stay will simplify the issues in question and trial of the case, and (3) whether discovery is complete and whether a trial date has been set." *See, e.g.*, *Rembrandt*, 2019 WL 6344471 at *2.

9

First, prejudice to Plaintiffs will be minimal because the stay will be of limited duration pending adjudication of the issues of law and fact Plaintiffs and Golabs present regarding the issues of infringement, validity and enforceability of the Asserted Patents.

Second, the goal of the customer-suit exception is to "avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *In re Nintendo of Am.*, 756 F.3d at 1365. A stay will also serve the orderly course of justice by simplifying the issues, proof, and questions of law between Plaintiffs and the true defendant Golabs. As detailed above, first litigating the dispute between Plaintiffs and Golabs will address, among other things, whether the Accused Products infringe the Asserted Patents, and will resolve all the major issues of law and fact presented here.

Third, the early status of this case with respect to discovery of Walmart favors staying the suit against Walmart as it would be consistent with overall considerations of efficiency, judicial economy, and party resources. Walmart only recently made its first document production on June 12, 2020, and has not yet been subject to depositions in this action. Moreover, discovery regarding damages and willfulness is just beginning. *See* D.I. 20 (Scheduling Order (Patent)) at Rule 3.c ("[D]iscovery regarding damages is stayed until thirty days from the date [May 27, 2020] the Court's claim construction ruling is filed"); *id.* at Rule 3.d ("Information regarding … willfulness shall be provided within fifty days from the date [May 27, 2020] the Court's claim construction ruling is filed"). By contrast, Walmart will likely suffer hardship if forced to continue with this action. Forcing Walmart to litigate would be an unnecessary strain on Walmart and this Court. Walmart is the largest retail chain in the world, and needlessly engaging in extensive discovery would unnecessarily complicate these proceedings.

## V.    CONCLUSION

For all the foregoing reasons, the Walmart's Motion to Sever and Stay should be granted.

| | |
|---|---|
| Dated: July 14, 2020 | **RESPECTFULLY SUBMITTED**, |
| | By: */s/ C. Michael Moore* |
| | **Tony Pezzano** |
| | New York Bar No. 2315547 |
| | *Admitted Pro Hac Vice* |
| | tony.pezzano@us.dlapiper.com |
| | **Joel C. Lin** |
| | joel.lin@us.dlapiper.com |
| | New York Bar No. 2079945 |
| | *Pro Hac Vice Application Forthcoming* |
| | **DLA PIPER LLP (US)** |
| | 1251 Avenue of the Americas |
| | New York, NY 10020 |
| | (Tel) 212-335-4500 |
| | (Fax) 212-335-4501 |
| | |
| | **C. Michael Moore** |
| | mike.moore@us.dlapiper.com |
| | Texas Bar No. 14323600 |
| | **Marina Stefanova** |
| | marina.stefanova@us.dlapiper.com |
| | Texas Bar No. 24093200 |
| | **DLA PIPER LLP (US)** |
| | 1900 N. Pearl Street |
| | Dallas, TX 75201 |
| | (Tel) 214-743-4500 |
| | (Fax) 214-743-4545 |
| | |
| | **William Chu** |
| | SBOT: 04241000 |
| | wmchulaw@aol.com |
| | **William Knisley** |
| | SBOT: 24095728 |
| | knisley.wmchulaw@gmail.com |
| | **LAW OFFICES OF WILLIAM CHU** |
| | 4455 LBJ Freeway, Suite. 1008 |
| | Dallas Texas, 75244 |
| | (Tel) 972-392-9888 |
| | (Fax) 972-392-9889 |
| | |
| | *ATTORNEYS FOR DEFENDANTS/COUNTERCLAIM PLAINTIFFS* |

## CERTIFICATE OF CONFERENCE

I hereby certify that counsel for Golabs and Walmart conferred with counsel for Plaintiffs regarding the sever and stay requested in this Motion during their meet and confer teleconferences held on June 19, 22, 24, and 28, 2020 in preparation for the filing of the Joint Status and Scheduling Report. *See* D.I. 146 at 9-12. Golabs does not oppose the sever and stay requested in this Motion. Plaintiffs did not stipulate to sever and stay this action with respect to the Walmart defendants. *See id.* at 12. Therefore, this Motion is submitted as opposed for the Court's consideration.

> */s/ Tony Pezzano*
> Tony Pezzano

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record on July 14, 2020 via the Court's ECF system, pursuant to the Federal Rules of Civil Procedure.

> */s/ C. Michael Moore*
> C. Michael Moore