IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNICORN GLOBAL, INC., *et. al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-754-N-BT |
| | § | |
| GOLABS, INC., d/b/a GO TRAX, *et. al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER**

This Order addresses Defendants Walmart, Inc., Wal-Mart Stores Texas, LLC, and Wal-Mart.com USA, LLC's (collectively, "Walmart") motion to sever and stay.  Because severing and staying the case as to Walmart would serve the judicial purposes of economy and efficiency, the Court grants the motion.

**I. ORIGINS OF THE DISPUTE**

This case arises out of a patent dispute between Plaintiffs Hangzhou Chic Technology Company Ltd., Shenzhen Uni-Sun Electronic Company Ltd., and Unicorn Global, Inc. (collectively, "Plaintiffs") and Defendants Golabs, Inc. ("Golabs") and Walmart (collectively, "Defendants").  Plaintiffs filed their original complaint on March 26, 2019 [1], and filed their amended complaint on May 9, 2019 [12].  Golabs sells Hoverfly ECO, Hoverfly ION, Hoverfly XL, SRX, and SRX Pro hoverboard products, which are manufactured by Golabs's parent Zhejiang Taoao, and offers them for sale through third-party sellers such as Walmart.  Walmart's Mot. to Sever and Stay 1 ("Mot. to Sever/Stay") [154].  Plaintiffs allege that these products infringe upon its patents.  On

ORDER – PAGE 1

July 14, 2020, Walmart filed this motion to sever and stay the case until Plaintiffs' claims of willful infringement against Golabs are resolved [154].

### III.  LEGAL STANDARDS FOR A MOTION TO SEVER AND STAY

A "District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  When considering a motion to stay, a court will consider "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and the trial of the case; and (3) whether discovery is complete and whether a trial date has been set."  *Rembrandt Wireless Tech., LP v. Apple, Inc.*, No. 2:19-CV-00025-JRG, 2019 WL 6344471, at *2 (E.D. Tex. Nov. 27, 2019).  Additionally, pursuant to Federal Rule of Civil Procedure 21, a court may sever any claim against a party.

### IV.  SEVERING AND STAYING THE CASE AS TO WALMART WILL SIMPLIFY THE ISSUES IN QUESTION AND THE TRIAL OF THIS CASE

Walmart argues that it is a downstream retail customer of Golabs and that Golabs is the real defendant in this case.  Mot. to Sever/Stay 7 [154].  In this case, Walmart argues, the customer-suit exception applies.  *Id.* at 6.  The "customer-suit exception" is an exception to the first-to-file rule "whereby litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner against customers of the manufacturer."  *Katz v. Lier Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990).  In this case, Plaintiffs brought suit simultaneously against Golabs and Walmart.  However, the Federal Circuit has recognized that the principles of the customer-suit exception may sometimes apply in circumstances where suit is brought against the manufacturer and

ORDER – PAGE 2

retailer simultaneously. *In re Nintendo of America, Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). In that case, the Federal Circuit recognized that the customer-suit exception and Rule 21 are both "designed to facilitate just, convenient, and less expensive determination." *Id.* Thus, the customer-suit exception may apply in a single case that joins an upstream manufacturer and a downstream retailer. Moreover, district courts in this circuit have specifically applied the rationale of the customer-suit exception to instances of severing and staying a case. *See Opticurrent, LLC v. Power Integrations, Inc.*, No. 2:16-CV-325-JRG, 2016 WL 9275395, at *5 (E.D. Tex. Oct. 19, 2016).

Plaintiffs point out that Golabs is not the manufacturer in this instance. Pltfs.' Resp. 1 [160]. However, the customer-suit exception involves a three-factor test: "(1) whether the customer-defendant in the later-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Group Ltd. v. Huawei Device Co. Ltd.*, No. 2:17-CV-495-WCB, 2018 WL 4002776, at *5 (E.D. Tex. Aug. 22, 2018) (internal citations omitted). Moreover, "the Court does not apply the factors in a mechanical or precise manner and instead adopts a flexible approach in order to assess whether judicial resources will be saved." *Id.* (internal quotations omitted). Importantly, only factor three considers the manufacturer's role, and that factor need not be applied mechanically.

In this case, Walmart is clearly a reseller of the hoverboard products. Walmart agrees that the products at issue were sold through their stores. Additionally, Walmart has agreed to be bound by the Court's decisions regarding the issues of infringement,

ORDER – PAGE 3

invalidity, and enforceability.  Mot. to Sever/Stay 7 [154].  Thus, the first two factors favor severing and staying the case.

With regard to the final factor, Walmart notes that the manufacturer in this case, Zhejiang, is the parent of Golabs.  Def.'s Reply 5 [166].  There is no indication that any other party is a source of the infringing products.  For the purposes of the customer-suit exception test, the Court finds that Golabs is the true defendant and Walmart is merely a downstream retailer.  Because any ruling on Plaintiffs' willful infringement claims against Golabs will necessarily reach its claims against Walmart, judicial expediency here favors severing and staying the case against Walmart.

### V.  NO OTHER FACTORS WEIGH AGAINST SEVERING AND STAYING THE CASE

Plaintiffs allege that staying the case against Walmart would present an unfair tactical disadvantage to them by allowing Walmart to see all the arguments and evidence against all defendants while having extra time to prepare.  The Court does not agree.  Plaintiffs have alleged the same willful infringement claims against both Golabs and Walmart.  There are no extraneous claims against either defendant.  Walmart has already agreed to be bound by the Court's findings on the willful infringement claims.  There is no clear tactical advantage for Walmart in severing and staying the case.

Additionally, the amount of discovery conducted to date does not substantially weigh against severance and a stay.  As of the date Walmart's motion was filed, a trial had not been set and a substantial amount of discovery remained.  *See* Joint Status Report [146].  Walmart asserts that it has only actively participated in discovery since June.  Def.'s Reply

4 [166]. The Court thus agrees with Walmart that the procedural posture of this case warrants a stay.

## CONCLUSION

Because the Court finds that severing Walmart from this case would preserve the judicial economy in giving precedence to Plaintiffs' claims against the true defendant, Golabs, the Court grants Walmart's motion to sever and stay its case pending resolution of the willful infringement claims against Golabs. The Court directs the Clerk of the Court to assign a separate cause number to the severed action and assign the new action directly to the undersigned judge. The new case is stayed pending resolution of Plaintiffs' willful infringement claims against Golabs in this case.

Signed October 7, 2020.

David C. Godbey
United States District Judge